The Honorable Bob Watts State Representative Route 1, Box 125 Harrison, Arkansas 72601
Dear Representative Watts:
This is in response to your request for an opinion concerning the North Arkansas Medical Center, a hospital owned and operated by Boone County. In your correspondence, you note that, as a large number of citizens in the surrounding counties utilize the services of the North Arkansas Medical Center, the hospital wishes to establish rural health clinics in the surrounding counties in order to maintain its ability to provide care to the service area of the hospital. With regard to the establishment of such clinics, you have asked for an opinion on the following two questions:
 1. Can the North Arkansas Medical Center, a county-owned hospital, purchase facilities outside Boone County to be owned and operated by the North Arkansas Medical Center as local health clinics? The purchase would include real property, as well as personal property.
 2. In the event that Arkansas law would not permit the owning of property by the North Arkansas Medical Center, would the North Arkansas Medical Center be able legally to rent or lease local health care facilities which would include real property as well as personal property?
With regard to your questions, I assume that you are inquiring as to whether the board of governors for a county hospital may purchase real property, and if so, whether they may purchase property outside of the county in which the hospital they operate is located. The power of county hospital boards to purchase real property has been previously addressed by this office in Op. Att'y Gen. No. 93-358, a copy of which is enclosed. In that opinion, the question was posed as to whether a county quorum court must approve a purchase of land by the board of governors for a county hospital. The question was answered in the affirmative, citing A.C.A. 14-263-105 and14-265-103.
Since the aforementioned attorney general's opinion was issued, the case of Warren v. Wheatley, 231 Ark. 707, 331 S.W.2d 843
(1960) has been discovered, and this case may compel a different conclusion than that reached in the previous opinion. In the Wheatley case, the County Judge of Garland County, in his individual capacity as a taxpayer, brought suit against the Board of Governors of the Ouachita General Hospital, a facility owned and operated by Garland County, to rescind the purchase by Ouachita General of a lot adjoining the hospital. The appellants in the case alleged, in part, that the county hospital was not a legal entity and could not purchase real property, that the county court did not approve the purchase of the property, that a specific appropriation of the Garland County Quorum Court was required for the purchase and none was made, and that a portion of the funds expended for the purchase consisted of monies specifically appropriated by the county quorum court for care of charity patients and for operation and maintenance of the hospital and thus the purchase was is violation of law. The appellees alleged, in part, that the purchase of the lot for the use of the hospital was necessary for the efficient operation of the hospital, and that the funds for the purchase of the lot consisted of cash revenues of the hospital, which were procured from paying patients of the hospital, and thus not funds which had been appropriated by the quorum court. Appellees also alleged that the purchase of the lot was approved by the county judge (different county judge than one bringing suit) at the time of the purchase. The Arkansas Supreme Court affirmed the chancellor's decree that the complaint should have been dismissed for want of equity; however, the Court modified that part of the chancellor's decree which stated that the county hospital was a legal entity and could take title to real property. The Supreme Court held that the deed to the property should have named the county, rather than the hospital, as grantee of the lot and that the county judge should have accepted a deed offered to him in which such a correction was made.
The Supreme Court's analysis in the Wheatley case focuses on the record developed below, which reflected that the county hospital indeed purchased the land using cash revenues of the hospital, rather than appropriations received from the county. Due to this analysis, it is somewhat unclear as to whether the Court would have reached a different decision had the monies used for the purchase consisted of county appropriations, in which instance the Court might conclude that appropriation for, and thus approval of, the purchase of the real property would be necessary.[1] I have not found a more recent decision of the Court expounding on this issue. Thus, in light of the Wheatley case, an argument can be made that the board of governors for a county hospital has the power to make purchases of real property without approval of the county quorum court. It is unclear, however, as to whether the Court in Wheatley limited its decision to those instances in which such purchases are made with funds other than those supplied by the county. What the Court in Wheatley did make clear is that before a grantee can take title to real property, the grantee must be a legal entity, and county hospitals are not such entities. Thus, even if the Wheatley case is read as allowing a board of governors to purchase real property without approval of the quorum court (despite the source of the funds for the purchase), legal title to the property would be in the county, not in the county hospital.
With regard to your first question, it is arguable, assuming Wheatley is still good law, that the board of governors for a county hospital has the power to purchase real property. Whether such a purchase may be made without approval of the quorum court where funds used for the purchase are funds appropriated by the county (rather than funds received from other sources, such as revenues derived from operation of the hospital) is unclear. Judicial or legislative clarification may be necessary to resolve these points. With regard to that portion of your first question which refers to the purchase of property outside of the county in which the hospital is located, reference should be made to A.C.A. 14-265-103 (1987), which states that counties are authorized to acquire land, buildings and facilities of any and every nature than can be used for hospitals or related facilities within or near the county. If boards of governors are allowed to purchase real estate, it is likely this provision would be applicable to them as well.
With regard to your second question, it is my opinion, as stated above in response to your first question, that even if the board of governors for a county hospital has the power to purchase property, legal title to the property, according to the Wheatley case, must reside in the county, not the county hospital, and thus the county hospital may not "own" the property. In the event that a county hospital may not "own" real property, you have inquired as to whether the board of governors for a county hospital may rent or lease real property. Based on the Wheatley case, which suggests that the board of governors may, at least in certain circumstances, purchase property, it is my opinion that the power to lease or rent would be subsumed in the greater power to purchase. As with the power to purchase real property, there are, however, no statutes which address this subject.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] The Court presumably did not rely on the statutory provisions regarding boards of governors for county hospitals in reaching its decision (even though such statutes were in existence at the time of the decision), as no citations of such provisions appear in the opinion.